UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          CRIM. CASE NO. 11-20314

v.                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

JOHN BRAVATA and
ANTONIO BRAVATA

        Defendants.
_____/


**ORDER DENYING DEFENDANT JOHN BRAVATA'S MOTION FOR
JUDGMENT OF ACQUITTAL (FED. R. CRIM. P. 29) OR, IN THE
ALTERNATIVE FOR A NEW TRIAL (FED. R. CRIM. P. 33) (ECF No. 246),
JOINED IN BY DEFENDANT ANTONIO BRAVATA (ECF No. 249)**

Defendant John Bravata filed the instant motion; the Government filed a Response;

Defendant filed a Reply. Defendant Antonio Bravata joined in the Motion. The Court has

determined that there is no need for oral argument. *See* E.D. Mich. L.R. 7.1(f).

I. INTRODUCTION

Defendant John Bravata argues in his Motion:

> This Court should enter a Judgment of Acquittal pursuant
> to FRCrP 29(c) on Counts 1-15 because the evidence, even when
> viewed in light most favorable to the Government, is insufficient to
> establish Defendant's specific intent to defraud any investor. In the
> alternative, this Court should issue Judgment of Acquittal on
> Count 1 because the evidence is insufficient to establish
> Defendant's conspiratorial agreement with Richard Trabulsy or
> Antonio Bravata.
> This Court should grant Judgment of Acquittal on Counts
> 4, 8 and 11 because the Government did not establish sufficient
> evidence that Defendant transmitted or caused to be transmitted the

alleged wire for the purpose of executing the scheme to defraud.

This Court should grant Judgment of Acquittal on Counts 9 and 11 because the evidence, when viewed in a light most favorable to the Government, did not establish sufficient evidence that Defendant defrauded Theresa Makowski or made any misrepresentations or false statements to Ramon Makowski or Kathleen Scherer.

This Court should also grant Defendant a new trial pursuant to FRCrP 33 because of the jury verdicts are against the manifest weight of the evidence.

(ECF No. 246, Def.'s Brief in Support of Mot. 1-2.)

## II. STANDARD OF REVIEW

In a Rule 29(c) challenge after a verdict the Court views the evidence in the light most favorable to the Government. *United States v. Gibson*, 675 F.2d 825, 829 (6th Cir. 1982). "A motion for a judgment of acquittal must be granted if 'there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt.'" *United States v. Fawaz*, 881 F.2d 259, 261 (6th Cir. 1989) (quoting *Curley v. United States*, 160 F.2d 229, 232-33 (D.C. Cir. 1947)). Normally, "[a] Rule 29 motion is a challenge to the sufficiency of the evidence." *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (internal quotation marks and citation omitted). In the instant case, the guilty verdict decided by the jury should stand "if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt." *United States v. McGee*, 529 F.3d 691, 696 (6th Cir. 2008) (internal quotations omitted).

III. ANALYSIS

    A. Sufficiency of the Evidence As To Specific Intent to Defraud and Conspiratorial Agreement

Defendant John Bravata first contends that "the evidence is insufficient to establish Defendant's specific intent to defraud any investor." (Def.'s Br. 1.)

Court rejects this contention. The fact that a victim received a document – a Subscription Agreement – that contained cautionings or warnings, did not give the Defendants a license to defraud, and does not undercut or eviscerate the overwhelming evidence of Defendant's and his co-conspirators's intentionally fraudulent oral representations to the victim/investors named in the indictment.

In *United States v. Daniel*, 329 F.3d 480, 486 (6th Cir. 2003) the Sixth Circuit stated:

> The government proved a scheme to defraud by presenting
> sufficient evidence of several material misrepresentations.

329 F.3d at 485. So too in the instant case. The Sixth Circuit in *Daniel* added:
> It is clear that as an element of the "scheme or artifice to defraud"
> requirement, the government must prove that the defendant said
> something materially false.

*Id.* at 486 (emphasis in original). The testimony at this trial was more than sufficient to permit a reasonable juror to find that these elements had been established. *Daniel* also held that while the government must prove that the defendant said something materially false, actual reliance by the intended victim is not required for wire fraud. *Id.*

In the instant case, the evidence before the jury was sufficient to establish the requisite intent to defraud by Defendants John and Antonio Bravata based on their false and fraudulent statements during group presentations and one-on-one meetings relating to: (1) the financial strength/cash portion of the company, (2) the protection/investor funds through Comerica Bank

CDs, and (3) how investor funds would be utilized in the touted business model.

Defendant John Bravata next contends that there was "insufficient evidence of a conspiratorial agreement between himself and either Antonio Bravata or R.J. Trabulsy." (Def.'s Br. 1-2.)

The Court concludes that there was extensive evidence at this lengthy trial sufficient to permit a reasonable jury to find a conspiracy between Defendant John Bravata and his son Co-Defendant Antonio Bravata, and between John Bravata and his Co-Conspirator R.J. Trabulsy. There is no requirement that each conspirator have agreed on all the details; it is sufficient if there is proof beyond a reasonable doubt that Defendants Trabulsy and Antonio Bravata participated in this conspiracy to defraud, with Defendant John Bravata.

B. Sufficiency of the Evidence on the Wire Transfers as to Counts 4, 8 and 11

Defendant John Bravata next contends that, as to Counts of conviction 4, 8 and 11, there was no evidence that he transmitted or caused to be transmitted wire transfers in furtherance of the scheme to defraud. The Court concludes that the trial evidence supports the convictions.

Count 4 involved Robert DeFauw; Count 8 involved John Guidobono, Jr.; and Count 11 dealt with Kathleen Scherer.

Defendants contend that the proofs on Counts 4, 8 and 11 don't establish (1) that Defendant John Bravata transmitted or caused another to transmit the wire alleged in each count, and (2) further that even if he did, testimony did not establish any of those transfers furthered any scheme to obtain money from the named investor.

As to the first issue, the Defendants stipulated at trial "that the wire transfers charged were for the amounts stated in the following charge on or about the stated dates and that they were made in interstate commerce, and they are listed Counts 2 through 15." (Def.'s Br. 3.) Thus, Defendant's challenges to whether the wire transfers occurred, the amount, and/or whether they were made in interstate commerce, are foreclosed by the stipulation.

As to the second issue, Defendant's claims that the Government had "to prove that the wire transfers were made for the purpose of executing the scheme to defraud," the Court concludes that the testimony of each of the three victim/witnesses, DeFauw, Guidobono, and Scherer, was sufficient to permit a reasonable juror to find this element beyond a reasonable doubt. The testimony of these three victim/witnesses confirmed that the money was transferred to BBC Equities pursuant to fraudulent statements made to them by John Bravata or Antonio Bravata, or by agents of Defendant John Bravata parroting his fraudulent statement.

C. Sufficiency on the Evidence as to Counts 9 and 11

Defendant alleges that as to Counts 9 (the Makowskis) and 11 (Scherer) "there is no evidence that Defendant or any co-conspirator defrauded Theresa Makowski or Kathleen Scherer."

The Court concludes that the evidence at trial was sufficient to permit a reasonable juror to find beyond a reasonable doubt that Theresa Makowski was defrauded by Defendant John Bravata. Theresa Makowski testified that through her position at BBC she was aware of what presenters, including John Bravata, were saying at the seminar presentations, and that those statements were ultimately proven to be fraudulent. The Court fully discussed the facts behind her joint investment with her husband Ramon in its Opinion and Order of August 20, 2013 (ECF

5

No. 273, pp. 5-6, Denying Defendant John Bravata's Motion for a new trial.  Accordingly, the

evidence was sufficient to support Defendant's conviction for Count 9.

Although Defendant John Bravata did not meet Ms. Scherer, Todd Kuzma did, and

Kuzma used Defendant's fraudulent misrepresentation to secure her investment. Kathleen

Scherer testified that Todd Kuzma told her it was a very safe investment:

> It was safe.  They were looking for 50 million dollars.  And the 50
> million dollars was personally guaranteed by Mr. John Bravata
> who was the owner of the company.
> . . .
> Like I said [the principal] was completely guaranteed . . ..
> . . .
> He said he [John Bravata] did not get paid . . . he would only get
> paid if the investors got paid . . ..

(Trial Tr. Feb. 20, 2013, Scherer Testimony 59-60). Scherer further testified that Kuzma

mentioned that John Bravata the owner of the company "had secured a $50 million line of credit

that would back up the investment. *Id*. at 59, "that if anything should go wrong . . . we would

definitely get our money back at the end of our term." *Id*. at 60.  Ms. Scherer also testified that

when she was concerned about not getting the payments, Todd "encouraged me to call the office.

And I called the Southfield office multiple times and would never get a call back."  *Id*. at 65.

Significantly, Ms. Scherer also received letters and investment statements from BBC

Equities. *Id*. at 71.  Further, Scherer later testified that Kuzma asked her to move her BBC

investment into Phoenix Venture Capital, *id*. at 73, which Defendant John Bravata had been

urging investors to do.

The Court, having presided over the trial, and having reread the trial transcript, concludes

that there was overwhelming evidence sufficient to permit a reasonable juror to find fraud as to

each of the investors by Defendant John Bravata and to find him guilty on these counts beyond a

reasonable doubt.

D.  The Great Weight in the Evidence Supports the Jury's Verdicts

Defendants final allegation is that the Court should grant Defendant a new trial because the jury's verdicts "are against the manifest weight of the evidence." (Def.'s Br. 19-20.)  The Court rejects this claim. Again, the evidence at trial was sufficient to permit the jury to find proof beyond a reasonable doubt of Defendant's guilt of all counts, and of Antonio Bravata's guilt on Count I.

IV.  CONCLUSION

For the foregoing reasons, Defendant John Bravata's motion, joined in by Defendant Antonio Bravata, is DENIED.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 22, 2013


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2013.


s/Deborah Tofil
Case Manager